IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DELTA EXPRESS, LLC                                                                    PLAINTIFF

v.                                No. 3:06CV00185 JLH

NYK LINE (NORTH AMERICA), INC.                                            DEFENDANT

**OPINION AND ORDER**

Delta Express, LLC, brings a declaratory judgment action pursuant 28 U.S.C. §§ 2201 *et seq.* against NYK Line (North America), Inc., seeking a declaration that it is not obligated to pay any claim asserted by NYK Line in excess of $100,000. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Delta Express, LLC, is an Arkansas company, NYK Line (North America) Inc., is not an Arkansas corporation, and the amount in controversy exceeds $75,000. NYK Line has moved for summary judgment. For the following reasons, that motion is granted.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, "the nonmoving party must come forward with

'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)).  A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.  When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

**II.**

NYK Line contracted with Delta Express, an intermodal cargo motor carrier, to haul computer parts.  According to NYK Line, the Delta Express's tractor trailer was stolen while in Delta Express's possession.  NYK Line says that the value of the computer parts stolen was $318,427.20.  The dispute is whether Delta Express's liability is limited to the amount of its cargo insurance coverage, which was $100,000.  As an intermodal cargo motor carrier, Delta Express is a signatory to the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA").  As part of its agreement with Delta Express, NYK Line required Delta Express to be a signatory to and in good standing with the UIIA and the NYK Amendment to the UIIA.  Delta Express essentially contends that the NYK Amendment to the UIIA supercedes the UIIA's requirement of a minimum of $100,000 in cargo insurance with the clause, "Motor Carriers must maintain Cargo Insurance in the amount of $100,000."  Delta Express further contends that this clause requires not a minimum of $100,000 in cargo insurance but rather the precise amount of $100,000 in cargo insurance, which thereby limits its liability to $100,000.  Delta Express filed this action seeking a declaratory judgment limiting its potential liability to $100,000.

### III.

When construing a contract under Arkansas law, a court "must consider the sense and meaning of the words used by the parties as they are taken and understood in their plain and ordinary meaning." *Alexander v. McEwen*, 367 Ark. 241, 244, 239 S.W.3d 519, 522 (2006) (quoting *Coleman v. Regions Bank*, 364 Ark. 59, 65, 216 S.W.3d 569, 574 (2005)); *Artman v. Hoy*, 370 Ark. 131, __, __ S.W.3d __, __, 2007 WL 1560439 at *3 (May 31, 2007) ("When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed."); AMI Civil § 2413 (2008 ed.). Regardless of whether Delta Express was required to maintain precisely $100,000 in cargo insurance or a minimum of $100,000 in cargo insurance, the disputed contract language does not serve as a limitation on its liability; the language, "Motor Carriers must maintain Cargo Insurance in the amount of $100,000" does not say, "Motor Carriers' liability is limited to the amount of $100,000." The contract language means that Delta Express was required to maintain cargo insurance either in the exact amount of $100,000 or at an amount of at least $100,000, but it does not say and cannot be stretched to mean that Delta Express's liability is limited to the amount of cargo insurance.

Delta Express argues that it is unfair not to limit its liability to $100,000 because the rates charged to NYK Line were based on the requirement that it maintain $100,000 in cargo insurance. Delta Express further argues that NYK Line did not inform it before shipment that the value of the cargo exceeded $100,000. While these may be good arguments for the proposition that it would be fair for the contract to limit Delta Express's liability to $100,000, these arguments provide no legal basis for reading into the contract a provision that is not there. Delta Express could have contracted

for a limitation on its liability but did not do so; and it could have required NYK Line to state the value of the cargo before shipment, acquired a cargo insurance policy with higher limits, and raised its rates, but it did not. Delta Express cites no authority, and the Court is aware of none, holding that a motor carrier's liability is limited to the amount of its cargo insurance even though the parties made no express agreement to that effect.

## CONCLUSION

The contract does not limit the liability of Delta Express precisely to $100,000. Summary judgment is therefore granted in favor of NYK Line (North America), Inc., on Delta Express's complaint for declaratory judgment. Docket #15.

The Court previously entered an agreed order stating that NYK Line could file a counterclaim and third-party complaints[1] when the Court resolved the issue of whether Delta Express's liability is limited to $100,000. The Court now directs NYK Line to file its counterclaim and third-party complaint within ten (10) days of entry of this order.

IT IS SO ORDERED this 15th day of February, 2008.

J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Although NYK Line styled its proposed pleading as a counterclaim and third-party complaints, it does not propose to file "third-party complaints" as that term is defined in Fed. R. Civ. P. 14. Instead, it wants to pursue an action against Delta Express and two of its agents or employees for loss of the cargo and other relief.